United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**Summary Calendar
No. 03-60118**

_____

**WILLIE MAE ROBINSON,**

**Plaintiff-Appellant,**

**versus**

**INTERNAL REVENUE SERVICE, Charles Rossotti, Commissioner,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Southern District of Mississippi
3:00-CV-643-BN**

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Willie Mae Robinson appeals the district court's grant of summary judgment in favor of the Internal Revenue Service ("IRS") on Robinson's Title VII race discrimination claim. Robinson appeals on two grounds: (1) the district court erred in dismissing the case on summary judgment and (2) the district court erred when it struck Robinson's claim for compensatory damages.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because we find no error in the district court's judgment, we AFFIRM.

## I. Background

In March 1987, Robinson was hired by the IRS to be a tax auditor. Starting in 1988, Robinson began receiving poor performance reports from her supervisor. These poor reviews continued for the next three years. In 1991, at Robinson's request, she was demoted to a clerical position. In this new position, Robinson's supervisor was Ron Lively. In 1993, Robinson filed an internal grievance against Lively contending that he had not fairly evaluated her. Notably, in this grievance, Robinson did not allege racial discrimination. As part of the settlement of her grievance, Robinson took on the duties of the SS-8 coordinator, a position that had previously been held by a more senior employee. Robinson received special training to perform the SS-8 coordinator duties and was also given a temporary promotion.

In March 1995, Robinson received yet another poor evaluation with scores that all but eliminated the possibility that she would be promoted to the job she aspired to: revenue agent. Nonetheless, Robinson applied for a revenue agent position and was rejected in favor of Don Carter, an outside applicant. Robinson then filed a complaint with the Department of the Treasury alleging racial discrimination. After being denied relief internally, Robinson turned to the Equal Employment Opportunity Commission

("EEOC") and was similarly denied relief.  Robinson then initiated this action in district court.  The district court granted summary judgment in favor of the IRS.

## II.  Discussion

**Summary Judgment**

We review a district court's grant of summary judgment de novo.  See Price v. Fed. Express Corp., 283 F.3d 715, 719 (5th Cir. 2002).  Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."  Fed. R. Civ. P. 56(c). On a motion for summary judgment, the court must review the facts in the light most favorable to the non-moving party.  Price, 283 F.3d at 719.  Summary judgment must be granted under the Federal Rules when a party that will bear the burden of proof on an essential element at trial fails to make a showing sufficient to establish the existence of such an element.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Claims of racial discrimination under Title VII are evaluated under the burden-shifting framework set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).  Under this approach, Robinson must first establish a prima facie case of discrimination by showing: (1) she belongs to

a protected group; (2) she was qualified for the position sought; (3) she suffered an adverse employment action; (4) the position remained open and was eventually filled by someone outside the protected class. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). In this case, the district court found that Robinson established a prima facie case of discrimination.[1] Once Robinson has established a prima facie case, the burden then shifts to the IRS to provide a legitimate, non-discriminatory reason for its actions. See McDonnell Douglas, 411 U.S. at 802. Here, the district court found that the IRS's stated reasons for Robinson's poor reviews and denial of the revenue agent position - her inability to complete her work in a timely manner - constituted the requisite reason for its actions. On appeal, the parties do not dispute the district court's finding that the IRS had met its burden in this regard. Because the IRS has offered a legitimate, non-discriminatory reason for its actions, the burden shifts back to Robinson to show that the reasons proffered are a pretext for unlawful racial discrimination. See Price, 283 F.3d at 720.

This court has repeatedly made clear that on summary judgment, "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." Id. (citing Rubenstein v. Adm'rs of

---

[1] While there is some disagreement as to Robinson's qualifications for the revenue agent position, on appeal the parties do not dispute the district court's determination that a prima facie case had been established.

-4-

the Tulane Educ. Fund, 218 F.3d 392, 400 (5th Cir. 2000)). However, even where such a showing is made, it will not necessarily be sufficient to prevent summary judgment if "no rational factfinder could conclude the action was discriminatory." See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000). To determine whether summary judgment was appropriate, we examine a number of factors, including "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered." Id. at 148-49.

In this case, Robinson has completely failed to show that racial discrimination lay at the heart of her poor performance reviews or the decision not to hire her for the revenue agent position. The poor evaluation Robinson received in March 1995 from Lively was hardly the first time she had been criticized for her on-the-job performance. Indeed, the subpar reviews that Robinson received in her prior position were the very reason she requested a demotion and began working for Lively in 1994. Moreover, early on during her time working under Lively, Robinson received a poor review and filed an administrative complaint that did not allege any form of race-based discrimination. It was only after Robinson received another poor evaluation and was turned down for the revenue agent position that Robinson alleged racial discrimination.

As the district court noted, Lively has supervised both black

-5-

and white employees in the past and has given a range of positive and negative evaluations to his subordinates regardless of their race. The record below indicates that Lively has only been accused of racial discrimination once in the past, a claim that was adjudicated and found to be without merit. The same is true here – the evidence presented to the district court makes it clear that Robinson's substandard performance reviews were not the result of racial discrimination but were the product of a poor work ethic.

Robinson's claim that she was denied a promotion as a result of racial discrimination also fails. Robinson has offered no evidence that she would have been promoted even if she had received a positive review from Lively, nor has she offered evidence that she was clearly better qualified for the revenue agent position than the person selected. This is particularly important given Robinson's voluntary downgrade from a position less complex than that of a revenue agent. Thus, Robinson has failed to create a genuine issue of material fact as to her claim of racial discrimination and the district court's grant of summary judgment was proper.[2]

The judgment of the district court is **AFFIRMED.**

---

[2] Robinson also claims that the district court erred when it struck her claim for compensatory damages for failing to exhaust her administrative remedies. We do not reach this issue in view of the affirmance of summary judgment against Robinson.